SELLARS *et al. v.* UNION PRODUCING Co. *et al.*

(In Banc. April 27, 1942. Suggestion of Error Overruled May 25, 1942.)

[7 So. (2d) 821. No. 34967.]

**Howie, Howie & McGowan,** and **Jackson, Young & Friend,** all of Jackson, for appellants.

782

Vinson, Elkins, Weems & Francis, and Thomas Fletcher, all of Houston, Texas, Fielding L. Wright, of Rolling Fork, Brunini & Brunini, of Vicksburg, and Ray, Spivey & Cain, of Canton, for appellees.

Argued orally by **M. M. McGowan** and **Forrest B. Jackson**, for appellants, and by **Thomas Fletcher**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Appellants, as complainants, filed their bill in the chancery court seeking to have their title to a small strip of land, adequately described in the bill, quieted and confirmed. An essential link in appellants' chain of title is a deed made in April, 1915, wherein the description is as follows:

"A parcel or strip of land 125 feet in length and 38 feet in width, and more particularly described as follows: Begin at an Elm tree which is 16 feet west of the intersection of what are known as the C. C. Cessna and Liverpool roads in Section 19 Township, 10 Range 2 West, thence run 125 yards in a westerly direction

through the land of grantors situated in said Section 19 and Section 24 Township 10 Range 3 West, into the said Liverpool road.''

It is apparent that what was attempted to be described was land within a narrow parallelogram beginning on its east end and running towards the west, but it is at the same time equally apparent that in dealing with this description an immediate difficulty arises in the fact that there is nothing in the description or in any reference which it contains which points out whether the elm tree, given as the point of beginning, was located at the northeast corner of the parallelogram, or at the southeast corner, and, therefore, whether as a legal proposition we are not at once confronted with a patent ambiguity, incurable except by a bill to reform, and there is no such attempt or prayer in this case.

We do not find it necessary to decide the suggested question because of the fact that it is fairly evident from the entire record that the chancellor rested his decision in dismissing the bill upon a finding that appellants had failed to locate the starting point by the quality and character of proof required in such cases.

It has been the rule for adjudication in this state since such cases as Nixon v. Porter, 34 Miss. 697, 69 Am. Dec. 408, that when a description must depend upon a particular monument as the point of beginning, the location of that monument must be shown with reasonable certainty. It is admitted by appellants that the elm tree mentioned in the deed as the point of beginning is not now in existence. And in lieu thereof its former position cannot now be located by resort to a measurement 16 feet west of the intersection of Cessna and Liverpool roads as that intersection existed in 1915. The witnesses for appellants admitted that this intersection has, during the course of the years since 1915, gradually and progressively changed towards the south and none of them could locate with requisite certainty where it was in 1915.

Appellants, therefore, directed their principal proof towards the elm tree, and in the attempt to show where the particular tree meant by the deed was located as it stood in 1915. Whether this proof was sufficient, under the stated rule, was an issue of fact to be decided by the chancellor, not by us on appeal. Appellants recognize this and seek to sustain their appeal upon the argument that the finding of facts by the chancellor upon the aforesaid issue was manifestly against the great weight of the competent evidence. We have carefully examined the transcript of the evidence on this question and we are obliged therefrom to say that we cannot confidently assert that the decree is manifestly against the great weight of the competent evidence. On the contrary, although we are without the benefit of the presence of the witnesses themselves, which doubtless aided the chancellor, we would upon this record probably make the same finding as that by him had we the authority to make an original finding of facts.

Affirmed.